IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| STEVEN G. BARKUS,<br><br>    Petitioner,<br><br>vs.<br><br>JEFFREY H. ROSENLUND, Chief United States Probation Officer, District of Utah.<br><br>    Respondent. | MEMORANDUM DECISION AND ORDER<br><br>Case No.  2:21CV7DAK<br><br>Judge Dale A. Kimball |

    This matter is before the court on Petitioner Steven G. Barkus's 28 U.S.C. § 2241 Habeas Corpus Petition.  Petitioner was convicted by a jury in an underlying criminal action in the United States District Court, Northern District of Ohio, 1:09CR386.  Petitioner appealed his conviction and his conviction was affirmed by the Sixth Circuit Court of Appeals on September 19, 2014.

    Petitioner's § 2241 habeas petition before this court is a new civil lawsuit.  Because Petitioner is no longer incarcerated and is serving his supervised release in the District of Utah, Petitioner properly brought this action against the Chief United States Probation Officer in the District of Utah.  A § 2241 petition must be filed in the district court having territorial jurisdiction over the prison or agency having custody of the petitioner.  *See Rumsfield v. Padilla*, 542 U.S. 426, 443 (2004); *United States v. Scott*, 803 F.2d 1095, 1096 (10th Cir. 1986) ("A §

2241 petition for a writ of habeas corpus must be addressed to the federal district in the district where the prisoner is confined."). "Insofar as an ex-prisoner continues to suffer 'collateral consequences' from a conviction, the habeas petitioner retains 'a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him.' Being on supervised release can amount ro a collateral consequence 'because the defendant's liberty is affected by ongoing obligations to comply with supervised release conditions and restrictions.'" *Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012) (citations omitted). The court considers his petition properly brought in this district.

    Federal habeas corpus relief under 28 U.S.C. § 2241 is available to anyone held in "custody in violation of the Constitution, laws or treaties of the United States." But the § 2241 remedy is limited to situations which are not covered by 28 U.S.C. § 2255. A § 2241 petition challenges the legality of a federal prisoner's custody in situations where the § 2255 motion would be inadequate or ineffective. Petitioner in this case is challenging the validity of his underlying conviction. He argues in his § 2241 Petition that his trial lawyer was ineffective for not presenting material witnesses and evidence in his defense at trial.

    Petitioner, however, states that he has not filed a motion challenging his conviction or sentence under 28 U.S.C. § 2255. Petitioner should have brought these arguments regarding the validity of his conviction in a § 2255 petition in the district that imposed his sentence within a year of having the factual predicate for his claims. *Licon v. Ledezma*, 638 F.3d 1303, 1311 (10th Cir. 2011). The § 2255 remedy is not inadequate or ineffective simply because a petitioner has not filed a § 2255 motion and failed to obtain relief, or because a petitioner is barred by the

statute of limitations.

Even if the court considered Petitioner's § 2255 remedy inadequate or ineffective because he is no longer incarcerated, his § 2241 petition is untimely. "Claims brought pursuant to 28 U.S.C. § 2241 are subject to the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1)." *Hall v. Saffle*, 10 Fed. Appx. 768, 771 (10th Cir. 2001). Under 28 U.S.C. § 2244(d)(1)(D), a federal habeas petition must be filed within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

In this case, Petitioner complains that his attorney failed to call defense witnesses he suggested and failed to introduce exculpatory defense documents Petitioner gave him. He also takes issue with his attorney's legal strategy and believes that there were legal arguments his attorney failed to make at trial. However, all of these arguments relate to information Petitioner had at the time of trial. Therefore, Petitioner had the factual predicate to bring these arguments within a year of his sentence in 2012 or a year of his direct appeal in 2014. Petitioner does not claim that he just recently learned of any of this evidence within the last year. Therefore, Petitioner's § 2241 petition is untimely and barred by the one-year statute of limitations.

The court concludes that Petitioner's § 2241 Petition lacks merit because he has not demonstrated that his remedy under § 2255 is inadequate or ineffective and his petition is barred by the one-year statute of limitations. Therefore, Petitioner's § 2241 petition is DENIED and DISMISSED for lack of jurisdiction.

DATED this 22nd day of January, 2021.

                                      BY THE COURT:

                                      DALE A. KIMBALL
                                      United States District Judge